UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE OSUNA,<br><br>    Plaintiff,<br><br>  v.<br><br>HERNANDEZ, et al.<br><br>    Defendant. | 1:26-cv-01144-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM AGAINST DEFENDANT HERNDANEZ AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF Nos. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Jamie Osuna is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983 (ECF Nos. 1 and 6).  Plaintiff filed the complaint commencing this action on February 9, 2026.  (ECF No. 1).  In the complaint, Plaintiff alleges Defendant Hernandez disclosed non-public medical and mental health information in a public comment to a YouTube video, and that the remaining Defendants failed to grant his grievances related to Defendant Hernandez's conduct. (*Id.* at 3).

On April 8, 2026, the Court screened Plaintiff's complaint and found that it stated a cognizable claim for violation of Plaintiff's right to substantive due process under the Fourteenth Amendment against Defendant Hernandez. (ECF No. 8 at 8). Further, the Court

1

determined the complaint did not state any other cognizable claims. (*Id.*). The Court provided Plaintiff with applicable legal standards, explained why the complaint failed to state any cognizable claims, and gave Plaintiff thirty days to file a first amended complaint, notify the Court in writing that he wished to stand on his complaint, or notify the Court in writing that he did not wish to file an amended complaint and was instead willing to proceed on the Fourteenth Amendment substantive due process claim against Defendant Hernandez. (*Id.* at 9).

On April 27, 2026, Plaintiff filed a notice that he wanted to stand on his complaint. (ECF No. 9). For the reasons set forth below, the Court recommends that this action proceed on Plaintiff's claim for violation of substantive due process under the Fourteenth Amendment against Defendant Hernandez and that all other claims and defendants be dismissed.

Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

On February 9, 2026, Plaintiff filed his complaint commencing this action.  (ECF No. 1).  Plaintiff states that the alleged incident occurred while he was temporarily confined at Salinas Valley State Prison ("SVSP") and while he was confined at Corcoran State Prison ("CSP"). Plaintiff names four defendants: Gustavo Hernandez, correctional officer; A. Ortiz,

CDCR grievance coordinator; A. Diaz, Warden of SVSP; and E. Martin, Chief Executive or other supervisory official responsible for oversight of healthcare grievance administration. Additionally, Plaintiff names un-named defendants Does 1-10. Plaintiff's complaint provides the following:

Plaintiff states he is the sole defendant in a capital eligible case arising from an incident while incarcerated at CSP. (*Id.* at 5). In or around 2021, he was deemed incompetent by court order and transferred to Salinas Valley State Prison. (*Id.*) Around July 2025, Plaintiff became aware of a YouTube video that had a comment thread in which Defendant Hernandez posted the following comment in March 2025:

> I met him while working at SVSP. I was assigned to clean his cell and upon entrance I noticed it was unlike any of the other rooms I had previously cleaned. He a pentagram on the wall along with demons, on his bed he had an entire library of books and esyclapedias [sic]. I was only left with more questions than answers. Aomther [sic]thing that stood out to me was the amount of women who would communicate and send pictures to him in joker face paint. His demeanor seemed like nothing more than your average joe and if he didn't have a face full of tattoos you would never assume he was a cold blooded killer. That being said Jamie is being kept under 24 hour surveillance by nurses and officers, and being given psychoactive meds in order to insure that he will be fit to stand trial. We should have faith that the state will do what is right. But only God will decide the final fate of this less than human.

(*Id.*).

On or around July 23, 2025, Plaintiff filed a grievance regarding the posts, in which Plaintiff cited various CDCR regulations and policies regarding the public disclosure of inmate medical, psychological, and custodial data without authorization. (*Id.* at 7). The grievance, filed at CSP, was transferred to SVSP, where Defendant Diaz screened and denied Plaintiff's grievance, stating that the post was from 2021, not 2025. (*Id.*).

Plaintiff appealed on the basis that the violation persisted, as the post remained accessible. (*Id.* at 8). Plaintiff filed another grievance (787023) on the basis that the post remained accessible after CDCR had knowledge of the post and let it remain. (*Id.*). Plaintiff also filed a healthcare grievance. (*Id.*).

On or around October 14, 2025, Defendant Ortiz interviewed Plaintiff regarding the grievance. During the interview, Plaintiff informed Defendant Ortiz about two prior data

3

breaches of Plaintiff's information, an April 2019 posting of his photo and level-of-case/housing and a May 2019 posting of his dental records to social media. CDCR emailed Plaintiff about both postings, and the disclosures were removed. Plaintiff emphasized this point to Defendant Ortiz. However, Plaintiff was notified that his grievance did not meet the definition of misconduct against health care staff and should have been filed as staff misconduct complaint. (*Id.* at 8-9). Defendant Martin stated his department lacked jurisdiction, as the disclosure of the information was not a health care service. (*Id.* at 9).

On April 9, 2026, the Court issued a screening order, finding that Plaintiff's complaint stated a cognizable claim for substantive due process in violation of the Fourteenth Amendment against Defendant Hernandez and failing to find any other cognizable claims. (ECF No. 8 at 8). Additionally, the Court directed Plaintiff to: (1) Notify the Court that he wants to proceed only on his claim for substantive due process in violation of the Fourteenth Amendment against Defendant Hernandez; (2) File a First Amended Complaint; or (3) Notify the Court that he wants to stand on his complaint. (*Id.* at 9).

On April 27, 2026, Plaintiff filed a notice that he wanted to stand on his complaint. (ECF No. 9). Plaintiff states the following:

> By standing on the Complaint, Plaintiff preserves his position that the Complaint alleges more than mere grievance denial or deficient grievance processing. As pleaded in paragraphs 39 through 49 and 58 through 69, the Complaint alleges that, after actual notice of an ongoing public disclosure of protected medical, mental-health, and custodial information, Defendants Ortiz, Diaz, Martin, and Does 1-10 had authority, responsibility, or practical ability within CDCR's grievance, supervisory, and healthcare-oversight systems to initiate referral, mitigation, or corrective action, including steps to cause removal or limitation of continued dissemination, but deliberately failed or refused to do so. The Complaint further alleges that Plaintiff notified Defendants Ortiz and Martin that CDCR had previously caused removal of lesser online disclosures involving Plaintiffs photograph, housing/level-of-care information, and dental records, yet Defendants refused comparable mitigation here. The Complaint also alleges that Plaintiff expressly cited CDCR confidentiality, disclosure, and social-media provisions, including DOM§§ 13010.11, 13030.14, 13030.23, and 47120.3, and Title 15 §§ 3261.2 and 3999.215, and that the continued public accessibility of the post caused continuing injury.

(*Id.* at 1-2). Plaintiff requested the Court to issue findings and recommendations to the District Judge consistent with the screening order. (*Id.* at 2).

\\\

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged.  *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others.*"  Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

**B.  Substantive Due Process**

Plaintiff's complaint alleges that Defendant Hernandez violated his Fourteenth Amendment right to substantive due process by posting Plaintiff's medical and mental health information online in a public comment to a YouTube video, and that the other defendants are

also liable because they failed to grant his grievance related to Defendant Hernandez's public comment.

The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, *Whalen v. Roe*, 429 U.S. 589, 598–99 (1977), which "encompasses medical information and its confidentiality." *Norman–Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir.1998). The Ninth Circuit has described a prisoner's right to privacy of medical information as follows:

> "[I]mprisonment carries with it the circumscription or loss of many significant rights." Loss of privacy is an "inherent incident[ ] of confinement." "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security." We join our sister circuits in holding that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them. The penological interest in access to whatever medical information there is regarding Seaton is substantial. Prisons need access to prisoners' medical records to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts.

*Seaton v. Mayberg*, 610 F.3d 530, 534–35 (9th Cir. 2010) (alternations in original) (footnotes omitted).

Construing these standards liberally for the purpose of screening, the Court finds that Plaintiff's complaint may proceed past screening on a claim against Defendant Hernandez for a violation of Plaintiff's right to substantive due process under the Fourteenth Amendment based on the allegation that Defendant Hernandez publicly disclosed Plaintiff's confidential and medical information without a legitimate penological interest.

However, the Court finds that Plaintiff's complaint fails to state a constitutional violation against the remaining Defendants. Plaintiff does not allege that the remaining defendants disseminated any of Plaintiff's confidential information or were involved in any way with Defendant Hernandez's comments. Plaintiff does not allege that they had any control over the posting. Plaintiff alleges that the posting was made as a private comment on a

YouTube video, and not on any forum controlled by these defendants or the prison.  Instead, Plaintiff alleges that the remaining defendants failed to grant or effectively process his grievance.  However, this alone does not state a constitutional claim. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Accordingly, the Court finds that Plaintiff's claim of substantive due process in violation of the Fourteenth Amendment against may proceed past screening against Defendant Hernandez, but not against the other defendants.

**IV.    CONCLUSION AND ORDER**

For the above reasons, IT IS **RECOMMENDED** that:

1.    This case proceed on Plaintiff's Fourteenth Amendment substantive due process claim against Defendant Hernandez; and

2.    All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 28, 2026**                    /s/ *Erica P. Grosjean*
                                                              UNITED STATES MAGISTRATE JUDGE