ROB BONTA, State Bar No. 202668
Attorney General of California
SHARON A. GARSKE, State Bar No. 215167
Supervising Deputy Attorney General
REBECCA BRANDEL, State Bar No. 334123
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3557
Fax: (415) 703-5843
E-mail: Rebecca.Brandel@doj.ca.gov
*Attorneys for Defendant*
*G. Hernandez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br>Plaintiff,<br>**v.**<br>**GUSTAVO HERNANDEZ, et al.,**<br>Defendants. | 1:26-cv-01144-KES-EPG<br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br>Judge: Hon. Kirk E. Sherriff<br>Trial Date: Not Set<br>Action Filed: 2/09/2026 |

## NOTICE

TO PLAINTIFF JAMIE OSUNA IN PRO SE:

Defendant Officer G. Hernandez moves to dismiss Plaintiff Jamie Osuna's complaint (Dkt. No. 1) in its entirety and with prejudice under Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) the official capacity claim for damages is barred under Section 1983 and the Eleventh Amendment and no other, or successive, officer could provide the only prospective relief sought; (2) the complaint does not allege action under color of state law and therefore does not state a claim under Section 1983; and (3) in the alternative, Defendant is qualifiedly immune.

This motion is based on this notice, the accompanying memorandum of points and authorities, the Court's file, and any matters properly before the Court. Because Plaintiff is incarcerated and proceeding without counsel, this motion is submitted on the record without oral argument. L.R. 230(l).

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Jamie Osuna cannot prevail on his federal civil rights claim against Defendant Correctional Officer G. Hernandez because his sole allegation that Officer Hernandez posted a comment about Osuna's confidential information beneath a third party's YouTube video does not support a cognizable Fourteenth Amendment claim.

Osuna cannot prevail on any official capacity claim because state officials sued in their official capacities are not "persons" subject to suit for damages under Section 1983, and the Eleventh Amendment independently bars the claim. The only prospective relief Osuna seeks is that Officer Hernandez delete the comment, which no other, or successive, officer could accomplish simply by virtue of their employment, because the comment was posted from a personal account that neither CDCR nor any successor officer controls. Therefore, the official capacity claim for damages and prospective relief fails.

Additionally, both the official and individual claims fail because Section 1983 requires conduct under color of state law, which Osuna does not allege. Osuna alleges that a comment posted on a video that Officer Hernandez does not own, on a platform the State does not control,

violated Osuna's rights under Section 1983. (*Id.*, ¶¶ 25, 29.) Assuming that Officer Hernandez posted the comment, no facts show that he had authority to speak for the State, or purported to exercise any such authority, when he did so. Thus, the conduct does not constitute state action.

Finally, if this Court were to find that the post was made under color of state law, Officer Hernandez is entitled to qualified immunity because no clearly established law would have put a reasonable officer on notice that a comment posted from a personal YouTube account, without authority to speak for CDCR, violated the Constitution.

Osuna cannot amend to plead that the comment invoked actual authority to speak on CDCR's behalf, because exhibits attached to his complaint conclusively refute such allegations. Therefore, both the official and individual capacity claims should be dismissed with prejudice.

**STATEMENT OF THE CASE**

Osuna is a state prisoner and the criminal defendant in a pending Kings County Superior Court case. (Dkt. No. 1, ¶¶ 12, 19.) Osuna alleges that Officer Hernandez was a "correctional officer assigned to [Salinas Valley State Prison] (SVSP), and is sued in his official, [and] individual capacities." (*Id.*, ¶ 14.) The YouTube comment at issue states that Osuna "is being kept under 24-hour surveillance by nurses and officers and being given psychoactive meds in order to ensure that he will be fit to stand trial." (*Id.*, ¶ 25, Ex. A.) The author states that they "met [Osuna] while working at" the prison where they were "assigned to clean" his cell, and opines, "[w]e should have faith that the state will do what is right. But only God will decide the final fate of this less than human." (*Id.*)

The comment appeared beneath a third-party video that allegedly portrays Osuna as satanic. (*Id.*, ¶ 29.) The complaint also attaches a screenshot of a YouTube account bearing the display name "Gustavo Hernandez," the handle @jive.turkeyz, and the notation "[j]oined Oct 22, 2024." (*Id.*, ¶ 36, Ex. B.) The complaint also provides a link to the video the comment was left on. (*Id.* at 17 (Ex. A).) That link shows that the video was removed from YouTube, and thus, the comment appears to be unavailable on YouTube along with it. (*See, id.*)

///

///

The Court screened the complaint, permitted a Fourteenth Amendment claim to proceed against Officer Hernandez, and dismissed all other claims and defendants. (Dkt. No. 8 at 7–8; *see also* Dkt No. 18 adopting the findings and recommendations.) Osuna elected to stand on his complaint rather than amend. (Dkt. No. 9; Dkt. No. 10 at 2, 4.)

Officer Hernandez requests that all claims against him be dismissed with prejudice. The official capacity claim fails because Section 1983 and the Eleventh Amendment bar damages against defendants in their official capacities, and Officer Hernandez in his official capacity cannot provide the prospective relief sought. All claims fail because Officer Hernandez did not act under color of state law and, in the alternative, he is qualifiedly immune.

**STANDARD OF REVIEW**

Granting a motion to dismiss under Rule 12(b)(6) is appropriate when, assuming all material facts in the pleading are true, the non-moving party fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should make all inferences reasonably drawn from the alleged facts in favor of the non-moving party, but it need not accept as true allegations that contradict facts subject to judicial notice, or facts that contradict exhibits attached to the complaint. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). And a court need not accept as true conclusory allegations or legal characterizations, nor must it accept unreasonable inferences or unwarranted factual deductions. *See Iqbal*, 556 U.S. at 678-79. The alleged facts must show a right to relief that is more than mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

///

///

# ARGUMENT

## I. THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES AND NO OTHER OFFICER COULD PROVIDE THE ONLY PROSPECTIVE RELIEF SOUGHT.

Osuna sues Officer Hernandez in both his individual and official capacities. (Dkt. No. 1, ¶ 14.) The official capacity claim fails as to every form of relief sought, and therefore, should be dismissed with prejudice.

### A. The Official Capacity Claim Fails as to Osuna's Request for Monetary Damages.

The official capacity claim fails as to the monetary relief requested and should therefore be dismissed. "A suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Such officials are therefore not "persons" subject to suit for damages under Section 1983. *Id.* The Eleventh Amendment independently bars official capacity claims for damages against state officials. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Accordingly, Osuna's claim for nominal, compensatory, and punitive damages against Officer Hernandez in his official capacity (Dkt. No. 1 at 15-16) is barred as a matter of law because Officer Hernandez is not a "person" subject to suit for damages under Section 1983, and the Eleventh Amendment forbids the award. *Will*, 491 U.S. at 70–71; *Graham*, 473 U.S. at 169. This Court should therefore dismiss that claim with prejudice.

### B. The Official Capacity Claim Fails as to Osuna's Request for Prospective Relief.

Osuna also cannot proceed on his official capacity claim for prospective injunctive relief. *Will* preserves official capacity claims for injunctive relief. *Will*, 491 U.S. at 71 n.10. But *Ex parte Young*, 209 U.S. 123 (1908), requires that the named official have, "by virtue of his office," some connection to the enforcement or redress of the violation. *Ex parte Young*, 209 U.S. at 157.

The only prospective relief sought from Officer Hernandez is that he "take reasonable steps within his control to cause the removal of the unauthorized post." (Dkt. No. 1 at 15-16.)

Deleting a comment from a personal YouTube account is not an act performed by virtue of any office, and it is not within the authority of CDCR or of any other person in Officer Hernandez's position. Said differently, if Officer Hernandez were to leave his post tomorrow, his successor—who would assume his role in an official capacity claim—could not delete the post, just as no CDCR employee can delete another employee's post or comment on a personal YouTube account.[1] Therefore, the claim for prospective relief does not cure the deficiency of the claim

Osuna's remaining request for prospective relief—a confidentiality reminder and training—is directed to the CDCR Defendants, who the Court dismissed at screening. (*Id.* at 16; Dkt. No. 8 at 7–8.) None of it is sought from, or could be ordered against, Officer Hernandez. Because the official capacity claim fails as to all relief sought, it should be dismissed with prejudice.

## II. THE COMPLAINT DOES NOT ALLEGE ACTION UNDER COLOR OF STATE LAW AND THEREFORE DOES NOT STATE A CLAIM UNDER SECTION 1983.

Osuna's individual and official capacity claims are also deficient because he did not allege facts showing that Officer Hernandez acted under color of state law.

Section 1983 reaches only a violation "committed by a person acting under color of state law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). And "[a] public official's social-media activity constitutes state action under Section 1983 only if the official (1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when he spoke on social media." *Lindke v. Freed*, 601 U.S. 187, 198 (2024).

Assuming that Officer Hernandez authored the social media post, the complaint does not satisfy the first prong of the "state action" test because the allegations do not show that Hernandez possessed authority to speak for the State. (Dkt. No. 1, ¶¶ 3-4, 30–33, 50-57.) The poster said he was assigned to "clean [Osuna's] cell," which does not indicate he held a position that gave him authority to speak for the State. (*Id.*, ¶ 25, Ex. A.) Further, the complaint does not allege that any statute, regulation, custom, or usage gave him authority to speak publicly on CDCR's behalf. (*See generally*, *id.*) To the contrary, Osuna alleges that the post contravened

[1] Additionally, the request that the comment be removed appears to be moot because the comment is not accessible via the link Osuna provided to the video where the comment was posted. (*See* Dkt. No. 1 at 17 (Ex. A).)

CDCR's confidentiality regulations. (*Id.*) Conduct that the employing agency's rules forbids does not amount to a state-conferred exercise of authority. Further, that the post purportedly identified Officer Hernandez as a CDCR employee does not establish that the post constitutes an exercise of state power because such status is not authority to speak for the State. (*Id.*, ¶ 34); *see Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2006) (pre-*Lindke* analysis holding that whether an officer acts under color of state law turns on the nature and circumstances of the conduct and its relationship to official duties).

In short, the complaint identifies no source of state authority that Officer Hernandez could have exercised—or misused—by posting a comment on YouTube. "To misuse power, however, one must possess it in the first place." *Lindke*, 601 U.S. at 200. Because Osuna has not alleged that Officer Hernandez had authority to speak for the State, the first *Lindke* prong is not met.

The complaint also fails to allege facts supporting the second *Lindke* factor: that the poster purported to exercise State authority when he spoke on social media. *Lindke*, 601 U.S. at 198. Osuna alleges that Officer Hernandez posted a comment from his personal YouTube account addressed to a general audience of strangers, beneath a video he did not create, on a platform the State does not control. (Dkt. No. 1, ¶¶ 25, 29.) The comment directs nothing, demands nothing, and asserts no authority over Osuna, the video, or anyone who views it. (*Id.*) The comment itself disclaims official authority rather than asserting it, expressing hope that "the state will do what is right," rather than implying the poster speaks with the authority of the State. (*Id.,* ¶¶ 24, 25, Ex. A.) Thus, the complaint shows that the poster was "speaking in his own voice," not in "furtherance of his official responsibilities." *Lindke*, 601 U.S. at 201.

*Lindke* asks whether the official possessed, and purported to exercise, authority to speak for the State, not how the official came by the information he shared. *Lindke*, 601 U.S. at 198. Thus, Osuna "cannot hang his hat on [Hernandez's] status as a state employee" to show liability. *Id.* at 197. Because the complaint fails to allege that Officer Hernandez had actual authority to speak on behalf of the State and that he exercised such power by way of the YouTube comment at issue, the complaint fails to allege action under color of state law. Consequently, the complaint does not state a claim upon which relief can be granted and should be dismissed with prejudice.

### III. Alternatively, Officer Hernandez Is Entitled to Qualified Immunity.

If the Court concludes that the social-media post constitutes state action, Officer Hernandez is entitled to qualified immunity from any damages claim because it was not clearly established in March 2025 that a comment on a personal YouTube account, made without any actual authority to speak on CDCR's behalf, violated an inmate's right to informational privacy.[2]

In determining whether a government official is entitled to qualified immunity, two questions are considered. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009). First, whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right"; and second if so, "whether the right was clearly established." *Id.* "Existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Courts have been "repeatedly told . . . not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015); *City of Escondido v. Emmons*, 586 U.S. 38 (2019) (per curiam).

Assuming that the online comment was state action that implicated Osuna's privacy interests, no clearly established law put Officer Hernandez on notice that it was unconstitutional. The Ninth Circuit has recognized, at a high level of generality, a constitutional privacy interest in avoiding disclosure of personal matters, including medical information. *See Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998). But that general proposition does not place "beyond debate" the question presented here: whether a state employee violates an inmate's Fourteenth Amendment rights by posting a comment about the inmate's custodial status and medication—statements Osuna himself declines to allege were accurate—from a personal YouTube account, beneath a third party's video, without any authority to speak for the State. *al-Kidd*, 563 U.S. at 741–42; *Mullenix*, 577 U.S. at 12. Officer Hernandez is aware of no controlling authority, or robust consensus of persuasive authority, holding that such a comment violates the

---

[2] Qualified immunity does not apply if the conduct was not state action. *See Bracken v. Okura*, 869 F.3d 771, 775 (9th Cir. 2017) (finding that the defendant could not assert qualified immunity "because he was not serving a public, governmental function" while engaging in the challenged conduct).

Constitution. Further, a reasonable officer would not have understood that a comment made from a personal account, without that authority, was state action at all. *Lindke*, 601 U.S. at 198.

Therefore, if the Court were to find state action, Officer Hernandez is qualifiedly immune from Osuna's claim for damages against him in his individual capacity.

## IV. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Osuna has already had the opportunity to amend, and he filed a notice electing to stand on his complaint. (Dkt. No. 9; Dkt. No. 10 at 2, 4.) Also, amendment would be futile because the defects identified above are not curable by amendment. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (internal citations omitted). Osuna cannot plead that the comment invoked official CDCR authority, because the exhibits attached establish what was said, where it was posted, and by what account. (Dkt. No. 1 at 17-19.) Osuna cannot plead that a successor to Officer Hernandez could delete Officer Hernandez's personal post, because as the complaint itself shows, the comment was from a personal account which a successor officer would not be able to access by virtue of the office. And the absence of clearly established law is a matter of precedent, not pleading. Therefore, amendment would not cure the deficiencies in the official or individual capacity claims against Officer Hernandez, and the claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint with prejudice.

Dated: October 19, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General

***/s/ Rebecca Brandel***
REBECCA BRANDEL
Deputy Attorney General
*Attorneys for Defendant G. Hernandez*

SA2026401672/45396497

# CERTIFICATE OF SERVICE

Case Name: **Osuna, Jaime (BD0868) v. G. Hernandez, et al.** No. **1:26-cv-01144-KES-EPG**

I hereby certify that on October 19, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On October 19, 2026, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna
CDCR #: BD0868
California State Prison - Corcoran
P.O. Box 3476
Corcoran, CA 93212
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 19, 2026, at Sacramento, California.

| L. Langlois | ***/s/ L. Langlois*** |
|---|---|
| Declarant | Signature |

SA2026401672
45396377