ROB BONTA, State Bar No. 202668
Attorney General of California
SHARON A. GARSKE, State Bar No. 215167
Supervising Deputy Attorney General
REBECCA BRANDEL, State Bar No. 334123
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3557
Fax: (415) 703-5843
E-mail: Rebecca.Brandel@doj.ca.gov
*Attorneys for Defendant*
*G. Hernandez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br>Plaintiff,<br>**v.**<br>**GUSTAVO HERNANDEZ, et al.,**<br>Defendants. | 1:26-cv-01144-KES-EPG<br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AT DKT. NO. 24; MEMORANDUM OF POINTS AND AUTHORITIES**<br>Judge: Hon. Erica P. Grosjean<br>Trial Date: Not Set<br>Action Filed: February 9, 2026 |

**NOTICE**

TO THE COURT AND PLAINTIFF JAMIE OSUNA IN PRO SE:

Defendant Officer G. Hernandez moves under Federal Rules of Civil Procedure 54(b) and 60(b), and Local Rule 230(j) for reconsideration of the Court's October 20, 2026, order (Dkt. No. 24) directing Officer Hernandez to file and serve on Osuna a notice under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and a copy of Local Rule 260. Officer Hernandez's pending motion to dismiss (Dkt. No. 23) is brought under Rule 12(b)(6) and relies only on the pleadings. The *Rand* notice and Local Rule 260 explain how to oppose a motion for summary judgment, and if served here, would misdescribe the pending motion and could mislead Osuna about how to respond to it. Officer Hernandez asks the Court to vacate the first paragraph of the order, to

suspend the November 3, 2026, deadline it sets pending a ruling on this motion, and to set Osuna's deadline to oppose the motion to dismiss at 30 days from service of the order resolving this motion.

This motion is based on this notice, the memorandum of points and authorities, the Court's file, and any matters properly before the Court. Because Osuna is incarcerated and pro se, the motion is submitted on the record without oral argument. L.R. 230(l).

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

On October 19, 2026, Officer Hernandez moved to dismiss the complaint under Rule 12(b)(6). (Dkt. No. 23.) That motion argues that Osuna's allegations, accepted as true, do not state a claim. (*Id.* at 2–9.) It relies only on the complaint and the two exhibits Osuna attached to it, and is not supported by any declaration, request for judicial notice, or other outside material. (*Id.*; Dkt. No. 1 ¶¶ 24–26, 36, 38, Exs. A–B.) The motion notes that the video link printed in Exhibit A shows the video has been removed. (Dkt. No. 23 at 3, 6 n.1.) That observation is unnecessary to any ground of the motion, and Officer Hernandez does not ask the Court to consider it. *See* Fed. R. Civ. P. 12(d).

On October 20, 2026, the Court ordered Officer Hernandez to file and serve on Osuna "the notice and warning required by *Rand v. Rowland*" and a copy of Local Rule 260 by November 3, 2026, citing *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), and gave Osuna 30 days from service to oppose the motion to dismiss. (Dkt. No. 24.) The Court, sua sponte, entered the order the day after the motion to dismiss was filed, so this is Officer Hernandez's first opportunity to address whether a *Rand* notice is required here. *See* L.R. 230(j)(1)–(4). An interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also* Fed. R. Civ. P. 60(b)(1), (6); *see* *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

///

///

## ARGUMENT

### I. A *RAND* NOTICE IS REQUIRED WHEN A MOTION WILL BE DECIDED ON EVIDENCE OUTSIDE THE PLEADINGS, AND DEFENDANT'S MOTION TO DISMISS RELIES ON THE PLEADINGS ALONE.

*Rand* reaffirmed that "a pro se prisoner is entitled to fair notice of the requirements of Rule 56." *Rand*, 154 F.3d at 953. The *Rand* notice exists because a summary-judgment motion asks the court to decide the case on evidence, and "a grant of summary judgment is a final adjudication on the merits." *Id.* at 957. The Ninth Circuit requires the *Rand* notice when a court will decide a motion on evidence outside the pleadings, including when it converts a Rule 12(b)(6) motion by relying on such material. *Anderson v. Angelone*, 86 F.3d 932, 934–35 (9th Cir. 1996); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

*Woods* does not hold otherwise. *Woods*, 684 F.3d at 936. The "motion to dismiss" *Woods* refers to as requiring a *Rand* notice is the unenumerated Rule 12(b) motion for failure to exhaust administrative remedies then authorized by *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). *Woods* pairs *Rand* with "a motion for summary judgment" and *Wyatt* with "a motion to dismiss for failure to exhaust administrative remedies." *Woods*, 684 F.3d at 936–38. *Wyatt* extended the *Rand* notice to the unenumerated Rule 12(b) motion for failure to exhaust administrative remedies for one reason, stating that in that motion "the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1119–20, n.14; *see Stratton*, 697 F.3d at 1008 (*Rand* notice required "when a district court will consider materials beyond the pleadings").

The unenumerated Rule 12(b) motion for failure to exhaust administrative remedies no longer exists. In *Albino v. Baca*, the en banc court overruled *Wyatt* and held that a failure to exhaust must be raised by a motion for summary judgment under Rule 56 or—"[i]n the rare event that a failure to exhaust is clear on the face of the complaint"—by a motion to dismiss under Rule 12(b)(6). *Albino*, 747 F.3d 1162, 1166, 1169 (9th Cir. 2014) (en banc). In the first case, the motion is one for summary judgment and carries its own *Rand* notice. In the second, the court does not weigh evidence, and the predicate for the notice is absent.

Neither applies here. Officer Hernandez has not moved for summary judgment, does not contend that Osuna failed to exhaust, and has moved under Rule 12(b)(6) on the pleadings alone.

(Dkt. No. 23.) The exhibits the motion cites are Osuna's own, attached to his complaint, and are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider "documents attached to the complaint" without converting a motion to dismiss to a summary judgment motion). Therefore, a *Rand* notice is not required in these circumstances because Officer Hernandez's motion to dismiss relies on the pleadings alone.

## II. SERVING THE *RAND* NOTICE AND LOCAL RULE 260 WOULD MISDESCRIBE THE PENDING MOTION.

As the Court's order itself describes them, the *Rand* notice explains "what a plaintiff must do to properly oppose a motion for summary judgment," and Local Rule 260 "addresses requirements for opposing a motion for summary judgment or summary adjudication." (Dkt. No. 24 at 1.) If served here, the *Rand* notice would tell Osuna, on the court's authority, that "[t]he defendants have made a motion for summary judgment by which they seek to have your case dismissed," that he "cannot simply rely on what [his] complaint says," and that he "must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents." *Rand*, 154 F.3d at 961–63. And Local Rule 260 would direct Osuna to admit or deny a Statement of Undisputed Facts that does not exist. (Dkt. No. 23; L.R. 260(b).)

None of this is true or required for opposing a Rule 12(b)(6) motion. A pro se prisoner told to meet those requirements might, for example, spend his 30 days assembling declarations the Court cannot consider, and neglect the legal arguments the motion actually makes. That is the opposite of what *Rand* intends: notice "calculated to apprise an unsophisticated prisoner of his or her rights and obligations under Rule 56." *Id.* at 960.

## CONCLUSION

For the foregoing reasons, Officer Hernandez asks the Court to vacate the first paragraph of its October 20, 2026, order (Dkt. No. 24), to suspend the November 3, 2026, deadline to serve a

*Rand* notice and Local Rule 260 pending its ruling on this motion, and to set Osuna's deadline to oppose the motion to dismiss at 30 days from service of the order resolving this motion.

Dated: October 27, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General

***/s/ Rebecca Brandel***
REBECCA BRANDEL
Deputy Attorney General
*Attorneys for Defendant*
*G. Hernandez*

SA2026401672
45420488